```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #. _____
DATE FILED: 4/15/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
REGINALD GREENE,

                Petitioner,   :   06 Civ. 5532(LAP)(GWG)

    -against-   :   MEMORANDUM AND ORDER

WILLIAM BROWN, Superintendent,
Eastern NY Correctional Facility,

                Respondent.
------------------------------------X

MAILED TO pety COUNSEL

LORETTA A. PRESKA, Chief United States District Judge:

    On March 3, 2003, Petitioner Reginald Greene was found guilty of Robbery in the First Degree under New York Penal Law Section 160.15(4). He was thereafter sentenced to a term of incarceration of 18 years. Greene brought a petition (the "Petition") pro se for a writ of habeas corpus under 28 U.S.C. § 2254 on July 21, 2006. On June 4, 2007, Magistrate Judge Gorenstein issued a Report and Recommendation ("the Report," attached) recommending that the Petition be denied. This Court timely received Petitioner's objections to the Report. Having considered the objections and upon de novo review of the applicable sections of the Report, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), this Court concludes that Petitioner's application for a writ of habeas corpus must be denied.

1

Petitioner objects only to that section of the Report that addressed his ineffective assistance of counsel claim, which was based on his counsel's alleged failure to request an Aguilar-Spinelli hearing.  In his Objections, Petitioner reiterates his argument that the photograph used by Detective Perino should have been suppressed, which he reasons would have led to the suppression of the pre-trial identification made by two of the robbery victims.  (Pet. Obj. at 5; see also Supp. Pro Se Brief at 3 (attached as Ex. A to Petitioner's Objections)(citing Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969))  Petitioner misapprehends the governing law.  Aguilar, Spinelli, and their progeny focus on whether information provided by an anonymous informant is sufficiently reliable to support a warrant without other supporting information.  See, e.g., Illinois v. Gates, 462 U.S. 213, 238-39 (1983).  Here, Petitioner was not arrested based only upon an anonymous tip:  the information provided by the informant did indeed point to Petitioner as a suspect, but instead of arresting Petitioner based on that information, Detective Perino obtained Petitioner's photograph from the New York Department of Motor Vehicles ("DMV").  (Supp. Pro Se Brief at 3).  Two of the victims of

the robbery identified Petitioner as the robber based on the DMV photograph, after which he was arrested. (Id.).

"Since the decision in Katz v. United States, 389 U.S. 347 (1967), it has been the law that "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1978). Because the photograph was in the possession of the Department of Motor Vehicles, Petitioner had no reasonable expectation of privacy in the photograph and cannot maintain a Fourth Amendment challenge to its use. Accordingly, Petitioner's counsel was not ineffective for failure to request a hearing on this matter. By the same token, based on the indisputable fact that Petitioner had no Fourth Amendment rights to protect in the use of his DMV photograph, there was no reason for an evidentiary hearing.

Petitioner's Objections to the Report are without merit. I accept the thorough Report of Magistrate Judge Gorenstein in its entirety and deny the Petition. The Clerk of Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   New York, New York
         April **13**, 2010

_____
LORETTA A. PRESKA,
CHIEF U.S.D.J.

4